## BOLCE v BOARD OF EDUCATION OF THE SCHOOL DIST OF CINCINNATI et

Ohio Common Pleas, Hamilton Co

Decided Jan 8, 1934

Richard Remke, Cincinnati, for plaintiff. Henry Bruestle, Asst. City Solicitor, Cincinnati, for board of education.

## OPINION

By FRED L. HOFFMAN, J.

An agreed statement of facts was filed in this case, in substance, showing that the board of education, defendant herein, finding it necessary to have painting done of the interior walls and woodwork of the Madisonville, West Oakley and Lafayette Bloom Junior High Schools, advertised for bids. The estimates of the business manager were as follows:

| | |
|---|---|
| Madisonville School | $7,740 |
| West Oakley School | 8,956 |
| LaFayette Bloom Junior High School | 10,638 |

By resolution of said board, it declared said painting to be an emergency. The bids which were received in accordance with the specifications on file, amounting to more than three thousand ($3,000) dollars for each school, were all rejected, and a week later bids were again asked on the same schools, received, and again all rejected. The business manager then proceeded to do said work of painting by employing direct labor for the board of education, without advertising for or receiving any further bids on any of said work.

Sec 7623 GC, provides that when a board of education determines to build, repair, enlarge or furnish a schoolhouse or schoolhouses, or make any improvements or repairs provided for in this chapter, the cost of which will exceed in said districts three thousand ($3000) dollars * * * except in cases of urgent necessity, or for the security and protection of school property, it must proceed by advertising for bids, and if the work is to be done, the lowest responsible bid shall be accepted.

It will be noted that the board in its resolution declared said painting to be an emergency and not an "urgent necessity," as set forth in the statute. Whether there is a distinction in the meaning of these two terms it is not necessary here to decide, but it is sufficient to say that the board did not follow the statute.

It is the claim of the defendant that when bids were first received the lowest bid was rejected on the ground that the bidder made a mistake in his bid by not having the right bids for the schools intended; and under the authority cited (**11 N.P. 86**) the board of education had the right to reject that bid.

The plaintiff claims that defendant, if the work was to be done at all, should

have awarded it to the lowest responsible bidder.

The court is of the opinion that the board of education had the right to reject all bids and not to proceed with the work, but if it intended to proceed with the work it should have complied with the statute and accepted the lowest responsible bid. It is, however, the claim of the defendant that an urgent necessity existed, and therefore it was not required to comply with the statute and advertise for bids and let the contract to the lowest responsible bidder.

Although the board of education has a wide discretion in determining whether or not an emergency or "urgent necessity" exists, and the court will not ordinarily question the action of the board on that ground, there was sufficient time to advertise for bids, let the contracts and have the work done before the opening of the schools.

A board of education cannot reject the bid of the lowest bidder without proper cause, and by thus shortening the time within which the work is to be done, create an emergency or "urgent necessity," and use their own acts as reasons to avoid compliance with the statute.

Furthermore, there were no facts alleged to show there was any necessity to have the painting, repairing or improving done immediately, and the fact that the work was in progress at the time of the hearing of this matter, and was not completed by the board until long after the schools were in operation is evidence that there existed no emergency or "urgent necessity."

The defendant further contends that the painting of the interior walls and woodwork of school buildings does not come under the head of "improvements or repairs" and such work should be classed as merely ornamental. The defendant in its last resolution by declaring this work to be an emergency, and the fact that the painting was to be done on the walls and woodwork of various parts of the building, shows that the said painting was not merely ornamental.

The claim is further made that the work should be considered "force account" work, and therefore the board could do the work by employing its own labor. If this be true, any and all kinds of repair work and improvements could be done in this manner irrespective of the amount involved.

It is the law that when there is a sudden destruction of property by fire or otherwise, or the work to be done is to complete or finish work left undone by the contractor,
or when the work to be done comes under the classification of "repairs or improvements," and is of "urgent necessity," or "for the security and protection of school property," the board shall have the right to employ its own labor and do the work itself. The painting in the instant case does not come within that classification and is therefore not the kind of work contemplated to be done under "force account" work.

The court is therefore of the opinion that the employment by the board of education of direct labor to do this painting was contrary to §7623, GC, and that as each school required work to be done in excess of three thousand ($3,000) dollars, it could only be done in the manner stated in said section, after advertising for bids and letting the contract to the lowest responsible bidder.

The injunction, therefore, prayed for by the plaintiff is hereby granted.